**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Steven Johns,

Plaintiff/Counter-Defendant,

v.

McDonald Pelz Global Commodities LLC,

Defendant/Counter-Claimant.

Civil No. 25-cv-836 (JMB/DJF)

**ORDER**

---

This matter is before the Court on the parties' *Joint Motion Regarding Continued Sealing* ("Sealing Motion") (ECF No. 70), which seeks to permanently seal ECF No. 66-1. Defendant filed ECF No. 66-1 under temporary seal in connection with its Memorandum of Law in Opposition to Plaintiff's Motion for Summary Judgment (ECF No. 64). The parties agree that the document filed at ECF No. 66-1 should remain sealed.

## I. Legal Standard

Parties may seal documents in a civil case "only as provided by statute or rule, or with leave of court." L.R. 5.6(a)(1). "There is a common-law right of access to judicial records." *IDT Corp. v. eBay*, 709 F.3d 1220, 1222–23 (8th Cir. 2013) (citing *Nixon v. Warner Commc'ns, Inc.,* 435 U.S. 589, 597 (1978)). But the right of access is not absolute. *Id.* at 1123. The Court "must consider the degree to which [the relief requested] would interfere with the interests served by the common-law right of access and balance that interference against the salutary interests served by maintaining confidentiality of the information." *Cajune v. Indep. Sch. Dist. 194*, 105 F.4th 1070, 1077 (8th Cir. 2024) (quoting *IDT Corp*., 709 F.3d at 1223). "[T]he weight to be given to the presumption of [public] access must be governed by the role of the material at issue in the exercise of Article III judicial power and resultant value of such information to those monitoring

the federal courts." *IDT Corp.*, 709 F.3d at 1224 (quoting *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995)).

When the documents at issue play a material role in the exercise of Article III power or are of value to those monitoring the federal courts, "the presumption of public access to judicial records may be overcome if the party seeking to keep the records under seal provides compelling reasons for doing so." *Flynt v. Lombardi*, 885 F.3d 508, 511 (8th Cir. 2018). On the other hand, when the documents at issue do not play a material role in the exercise of Article III power or are of little value to those monitoring the courts, the presumption of public access instead "amounts to … a prediction of public access absent a countervailing reason." *IDT Corp.*, 709 F.3d at 1224 (quoting *Amodeo*, 71 F.3d at 1049).

## II. Analysis

The parties' Motions for Summary Judgment (ECF Nos. 55, 59) are not yet resolved, such that it is unknown at this juncture whether the document at issue will play a material role in the exercise of Article III judicial power. That uncertainty is of no consequence, however, because the Court would reach the same determination under either the "compelling reason" standard, *Flynt*, 885 F.3d at 511, or the "countervailing reason" standard, *IDT Corp.*, 709 F.3d at 1224. The parties agree that the document filed at ECF No. 66-1 should remain sealed though the parties recommend continued sealing for different reasons. (ECF No. 70.) Defendant alleges the document reveals Defendant's trade secrets and Plaintiff's proprietary business methods. (*Id.*) Plaintiff asserts that Defendant does not possess trade secrets, but that the document contains customer contact information, including email and telephone numbers, that are sensitive and should remain sealed. (*Id.*)

The Court need not decide whether ECF No. 66-1 contains trades secrets or not. Having carefully reviewed the document at issue, the Court finds that, at a minimum, it contains sensitive and proprietary business information, including customer information, names, and addresses, internal financial information, and other personnel information that Defendant has a legitimate interest in protecting. The Court thus finds that Defendant's legitimate interest in maintaining confidentiality as to this document constitutes a compelling reason for sealing, which outweighs any public interest in unsealing it.[1] *See, e.g.*, *A.I.G. Agency, Inc. v. Am. Int'l Grp., Inc.*, No. 4:17-cv-01502 (SEP), 2023 WL 6105187, at *2 (E.D. Mo. Sept. 18, 2023) ("The law does support granting properly supported motions to seal confidential business information[.]") (citations omitted); *Skky, LLC v. Facebook, Inc.*, 191 F. Supp. 3d 977, 981 (D. Minn. 2016) (noting that sensitive, including proprietary, information is appropriately kept under seal).

**ORDER**

Based on the foregoing, and on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that the parties' *Joint Motion Regarding Continued Sealing* (ECF No. 70) is **GRANTED** as follows: The Clerk of Court is directed to keep the document filed at ECF No. 66-1 under seal.

Dated: November 3, 2026

*s/ Dulce J. Foster*
DULCE J. FOSTER
United States Magistrate Judge

[1] Though the Court finds the document should be kept under seal at this time, this ruling has no intended preclusive effect on how the District Judge might handle the document and the information it contains in deciding dispositive motions or at trial.